UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mediterranean Shipping Co.
(USA) Inc., as agent for MSC
Mediterranean Shipping Company, S.A.

                              Plaintiff,          Case No. 24-CV-2630 (JRT/DTS)

vs.

G M Transportation &
Logistics LLC,

                              Defendant.

## AMENDED COMPLAINT

Plaintiff, Mediterranean Shipping Company (USA) Inc., as agent for MSC Mediterranean Shipping Company, S.A. (hereinafter "Plaintiff" or "Mediterranean"), by and through its attorney, Wagner, Falconer & Judd, Ltd., for its Complaint against Defendant G M Transportation & Logistics LLC ("G M Transportation"), states as follows:

### PARTIES

1.    MSC Mediterranean Shipping Company, S.A. of Geneva, Switzerland, by and through its agent, Plaintiff, Mediterranean Shipping Company (USA) Inc. ("Mediterranean") is a New York corporation with a principal place of business of 420 Fifth Ave., 4th Floor, New York, New York, 10018, are engaged in the provision of International Ocean Freight Services, including but not limited to the provision/rentals of containers and chassis for the international transport of cargo.

1

2. Defendant, G M Transportation & Logistics LLC ("G M Transportation") is a Minnesota limited liability company with a principal place of business of 8530 Eagle Point Blvd., Suite 100, Lake Elmo, Minnesota, 55042.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 USC §1333, as an admiralty or maritime claim. This is an admiralty claim or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This is also a claim arising out of a civil case of admiralty and maritime jurisdiction pursuant to 28 USC §1333, and the Interstate Commerce clause of the U.S. Constitution.

4. Alternately, this court has jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. All known members of GM Transportation & Logistics LLC are citizens of Minnesota.

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §1391 because the defendant conducts business or resides in this district and because a substantial portion of the events or omissions giving rise to the claims arose in this district.

## COUNT ONE – BREACH OF CONTRACT

6. Mediterranean incorporates by reference all of the allegations contained in this Complaint as if fully set forth herein.

7. Plaintiff is engaged in the provision of International Ocean Freight Services, including but not limited to the provision and rental of containers and chassis for the international transport of cargo.

8.   Upon information and belief, Defendant participated in this transaction by obtaining containers and/or chassis, exiting the port, delivering the cargo, and returning the empty containers and chassis to the port or designated drop off point for re-use in international commerce.

9.   The Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA") is a standard industry contract that governs the interchange of equipment between intermodal trucking companies and equipment providers such as Plaintiff herein.

10.   UIIA has more than 10,000 Motor Carriers and more than 50 Equipment Providers that have signed on as participants in the program. UIIA represents that it is utilized for approximately 95% of all North American intermodal equipment interchanges.

11.   The UIIA uniform agreement ("UIIA Agreement") allows each participating Equipment Provider, such as Plaintiff, to submit their own individual addendum/addenda setting forth that Provider's individual schedule of economic and commercial terms, including terms and conditions for equipment use, along with the Provider's fees, charges, and per diem charges.

12.   The addenda of Equipment Providers are included as part of the UIIA Agreement.

13.   G M Transportation is a motor carrier participant in the UIIA, and was, at the time of the transactions herein, in privity of contract with Plaintiff.

14.   On or about May 23, 2018, G M Transportation executed a UIIA Participating Party Agreement as a Motor Carrier For Hire.

15.   By executing the UIIA Participating Party Agreement, G M Transportation agreed to be bound by the provisions of the UIIA Agreement and its subsequent amendments, revisions, and addenda.

16.   At all times relevant to this action, G M Transportation was a Motor Carrier participant in the UIIA.

17. Mediterranean is a global container shipping company that participates in the UIIA as an Equipment Provider.

18. Mediterranean addenda are included as part of the UIAA Agreement and are binding on participating Motor Carriers.

19. G M Transportation, as a Motor Carrier, elected to do business with Mediterranean, as an Equipment Provider.

20. G M Transportation met Mediterranean's insurance requirements.

21. By executing the UIIA Participating Party Agreement, meeting Mediterranean's insurance requirements, and electing to do business with Mediterranean, G M Transportation was bound by the terms of the UIIA and its subsequent amendments, revisions, and addenda, including the addenda of Mediterranean.

22. Between on or around December 23, 2020 and February 2, 2024, Mediterranean provided containers and shipping equipment to G M Transportation in connection with the transport of cargo. Although there is a "free time" allowance, in the event that the containers fail to be picked up, delivered, and returned to the port or designated drop off point, within such free time, per diem charges accrue pursuant to the UIIA agreement.

23. G M Transportation's use of Mediterranean's containers and shipping equipment was subject to the terms of the UIIA Agreement, including Mediterranean's Addenda.

24. The Mediterranean Addenda set forth Mediterranean's fees and charges, including container per diem charges, that participating Motor Carriers are responsible for paying.

25. Under the UIIA Agreement, Mediterranean provided GM Transportation with containers and shipping equipment in exchange for rental fees due and owing.

26. Mediterranean performed its obligations under the UIIA Agreement.

27. Pursuant to the terms of the UIIA Agreement and its subsequent amendments, revisions, and addenda, G M Transportation is responsible for paying Container Per Diem charges to Mediterranean for the containers and equipment used by G M Transportation.

28. Mediterranean issued 139 invoices to G M Transportation, totaling $97,900, for Container Per Diem, that G M Transportation has failed to pay.

29. Attached hereto as Exhibit A is a true and correct copy of a Statement of Account between Mediterranean and G M Transportation showing each invoice and each remaining balance for amounts owed by G M Transportation to Mediterranean.

30. G M Transportation agreed to submit payment to Mediterranean and agreed to pay reasonable attorney's fees and suit costs incurred in enforcement of the UIIA Agreement.

31. Mediterranean sent G M Transportation invoices on and around between February 11, 2021 and February 19, 2024 for amounts due and owing.

32. G M Transportation wrongfully breached the terms of its agreement by failing to pay Mediterranean's container per diem charges, all as duly invoiced by Mediterranean to G M Transportation.

33. Although demand has been made on G M Transportation for payment of the amounts owing, G M Transportation has refused, failed, and neglected to make payment to Mediterranean.

34. G M Transportation owes Mediterranean the amount of Ninety-Seven Thousand Nine Hundred and 00/100 Dollars ($97,900.00), plus interest, attorney fees, and collection costs, for breach of contract.

## COUNT TWO – ACCOUNT STATED

35. Mediterranean incorporates by reference all of the allegations contained in this Complaint as if fully set forth herein.

36. During times material herein, and in connection with each transaction by way of invoices, and by way of statement, Mediterranean billed G M Transportation for amounts claimed due and owing.

37. G M Transportation retained the billings without objection or protest as to amounts claimed due and owing, and continued to request Equipment Provider services from Mediterranean.

38. G M Transportation is liable to Mediterranean as a matter of law for the sum of Ninety-Seven Thousand Nine Hundred and 00/100 Dollars ($97,900.00), plus interest, attorney fees, and collection costs, on an Account Stated theory.

## COUNT THREE – IN QUANTUM MERUIT / UNJUST ENRICHMENT

39. Mediterranean incorporates by reference all of the allegations contained in this Complaint as if fully set forth herein.

40. Mediterranean furnished valuable and beneficial equipment and shipping services to G M Transportation for which Mediterranean is entitled to compensation, and for which Mediterranean has not received full compensation.

41. G M Transportation has benefitted from the equipment and shipping services that Mediterranean furnished.

42. As a result of G M Transportation's unjust enrichment, Mediterranean has been damaged in an amount in excess of Ninety-Seven Thousand Nine Hundred and 00/100 Dollars ($97,900.00), plus interest, attorney fees, and collection costs.

WHEREFORE, Plaintiff Mediterranean Shipping Company (USA) Inc. prays the Court for entry of judgment in its favor, and against Defendant G M Transportation & Logistics LLC as follows:

1. Under each Count in this Complaint, in the amount of Ninety-Seven Thousand Nine Hundred and 00/100 Dollars ($97,900.00), together with interest, costs, disbursements, and reasonable attorney fees; and

2. For such other and further relief as the Court may deem just and equitable.

WAGNER, FALCONER & JUDD LTD.

Dated: 8-7-2024

*[signature]*

Nathan B. Serr (#0339386)
nserr@wfjlawfirm.com
Fifth Street Towers
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
Tel: (612) 339-1421
Fax: (612) 392-3999
ATTORNEYS FOR PLAINTIFF